REQUESTED BY: Dear Senator Landis:
We are in receipt of your letter in which you request an opinion as to the constitutionality of Neb.Rev.Stat. 1-160
(Reissue 1977), and you indicate a desire to recommend its repeal if it is indeed constitutionally infirm. That statute provides:
 "No person, partnership, or corporation, not holding a live permit issued under the provisions of section 1-136, shall hold himself or itself out to the public as an accountant or auditor by use of either or both of such words on any sign, card, letterhead, or in any advertisement or directory, without indicating thereon or therein that such person, partnership, or corporation does not hold such a permit; Provided, that this section shall not prohibit any officer, employee, partner, or principal of any organization from describing himself by the position, title, or office he holds in such organization nor any act of any public official or public employee in the performance of his duties as such."
You inform us that the Board of Accountancy has threatened action against two (2) Lincoln businessmen because they are admittedly holding themselves out to be `Accountants' by way of several means of advertisement when in fact they do not hold a permit pursuant to Neb.Rev.Stat. § 1-136 (Reissue 1977). In your letter you indicate that these gentlemen provide `general accounting services to their clients.' Your letter further sets forth substantial information regarding the constitutionality of statutes from other states, which statutes have attempted to regulate the use of the terms `Accountant or Auditor.' We have carefully reviewed your letter and the information provided and would submit the following comments and opinion on this matter.
We first wish to emphasize that the statute does not per se prohibit the use of the terms `Accountant or Auditor' by nonlicensed individuals but instead requires that any person who is not so licensed must affirmatively disclose that fact. This manner of regulation chosen by the Legislature is of critical importance to our determination as will be noted below.
The use of the terms `Accountant or Auditor' by persons engaged in that general area of business would most certainly appear to be that type of commercial speech which has been given First Amendment protection. Bates v. State Barof Arizona, 433 U.S. 350 (1977), and Virginia PharmacyBoard v. Virginia Citizens Consumer Council, 425 U.S. 748
(1976). Such holdings have not been without some restraint, and in fact the court emphasized in Virginia Pharmacy,
that restrictions on commercial free speech are permissible provided that `They are justified without reference to the content of the regulated speech, that they serve a significant governmental interest, and that in so doing they leave open ample alternative channels for communication of the information.'Virginia Pharmacy, 425 U.S. at 771.
Most recently the Maryland Court of Appeals has had the opportunity to test the constitutional firmness of a statute which appears at first glance to be similar to Neb.Rev.Stat. § 1-160 (Reissue 1977). In Comprehensive etc. v. MarylandState Board, 397 A.2d 1019, the Maryland Court held that the State had a right to regulate the practice of public accountancy and in so doing could restrict the use of the words `Certified Public Accountant,' `Public Accountant,' or abbreviation `CPA' to those certified or registered by the State. However, that Court further held that `To prevent the possibility of public confusion and deception, the Legislature cannot consistent with the First Amendment choose the most drastic remedy the complete suppression of the use of certain words to describe the lawful activity of noncertified accountants.' Id. at 1027. It therefore held the statute unconstitutional as violating the First Amendment.
Unlike the regulatory approach taken by the State of Maryland in Comprehensive etc. v. Maryland State Board,supra, the Unicameral has chosen to not totally ban the use of the terms `Accountant and Auditor' by those not so licensed but instead has required that unlicensed persons using those terms make an affirmative disclosure that they do not hold a permit pursuant to Neb.Rev.Stat. § 1-136 (Reissue 1977).
We believe that it could be effectively argued that the unrestricted use of the titles `Accountant' or `Auditor' by an unlicensed person could in fact cause confusion which would be detrimental to the public and therefore the State regulation of those terms is rationally related to a legitimate state interest. Since the `speech' at issue here is `commercial' it is subject to `reasonable regulation that serves a legitimate public interest.' Bigelow v. Virginia,421 U.S. 809 at 825-26.
It is our opinion that should Neb.Rev.Stat. § 1-160
(Reissue 1977) be challenged on Fourteenth Amendment due process grounds or First Amendment free speech grounds, it would probably be found to be constitutional.